UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA          :
                                  :
v.                                :          CR No. 14-00044-JJM
                                  :
ANTHONY DINGLE-JONES              :

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

This matter has been referred to me pursuant to 28 U.S.C. § 636(b)(1)(B) and 18 U.S.C. § 3401(i) for proposed findings of fact concerning whether the Defendant is in violation of the terms of his supervised release and, if so, to recommend a disposition of this matter.  In compliance with that directive and in accordance with 18 U.S.C. § 3583(e) and Fed. R. Crim. P. 32.1, Defendant appeared for a revocation hearing on December 13, 2018, at which time Defendant, through counsel and personally, admitted that he was in violation of his supervised release conditions.  At this hearing, I ordered Defendant released pending a final sentencing hearing before District Judge John J. McConnell, Jr.

Based upon the following analysis and the admission of Defendant, I recommend that Defendant be committed to the Bureau of Prisons for a term of twelve months of incarceration with no supervised release to followed.

**Background**

On December 13, 2018, the Probation Office petitioned the Court for the issuance of a warrant.  On that date, the District Court reviewed the request and ordered the issuance of a

warrant.  Defendant appeared before the Court for a revocation hearing on December 13, 2018 at which time Defendant admitted to the following charges:

> **Violation No. 1. Standard Condition:  Defendant shall not commit another federal, state or local crime.**
>
> On August 20, 2018, Defendant committed the offense of Operating a Motor Vehicle with a Suspended License, as evidenced by a summons issued by the Massachusetts State Police.
>
> **Violation No. 2. Standard Condition: Defendant shall not commit another federal, state or local crime.**
>
> On August 25, 2018, Defendant committed the offenses of Firearm Without FID Card; Firearm, Discharge Within 500 Feet of Building; Disorderly Conduct; License Suspended; Assault and Battery with Dangerous Weapon; Assault with Dangerous Weapon; Firearm Without License and Ammunition Without FID Card, as evidenced by a complaint filed in Quincy (Massachusetts) District Court.
>
> **Violation No. 3.  Special Condition:  Defendant shall not own or possess any firearm or other dangerous weapon or knowingly be at any time in the company of anyone known by him to possess a firearm or other dangerous weapon.**
>
> On August 25, 2018, Defendant possessed a handgun, as evidenced by a complaint filed in Quincy (Massachusetts) District Court, charging him with Firearm Without FID Card and Firearm, Discharge Within 500 Feet of building.

As Defendant has admitted these charges, I find he is in violation of the terms and conditions of his supervised release.

**Recommended Disposition**

Section 3583(e)(2), 18 U.S.C., provides that if the Court finds that Defendant violated a condition of supervised release, the Court may extend the term of supervised release if less than the maximum term was previously imposed.  The maximum term of supervised release is life.

Section 3583(e)(3), 18 U.S.C., provides that the Court may revoke a term of supervised release and require the Defendant to serve in prison all or part of the term of supervised release

authorized by statute for the offense that resulted in such term or supervised release without credit for time previously served on post release supervision, if the Court finds by a preponderance of evidence that the defendant has violated a condition of supervised release, except that a defendant whose term is revoked under this paragraph may not be sentenced to a term beyond 5 years if the instant offense was a Class A felony, 3 years for a Class B felony, 2 years for a Class C or D felony, or 1 year for a Class E felony or a misdemeanor.  If a term of imprisonment was imposed as a result of a previous supervised release revocation, that term of imprisonment must be subtracted from the above-stated maximums to arrive at the current remaining statutory maximum sentence.  Defendant was on supervision for a Class B felony.  Therefore, he may not be required to serve more than three years' imprisonment upon revocation.

Pursuant to 18 U.S.C. § 3583(h) and § 7B1.3(g)(2), when a term of supervised release is revoked and the defendant is required to serve a term of imprisonment that is less than the maximum term of imprisonment authorized, the Court may include a requirement that the defendant be placed on a term of supervised release after imprisonment.  The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release.  The authorized statutory maximum term of supervised release is life.

Section 7B1.1 of the Sentencing Guidelines provides for three grades of violations (A, B, and C).  Subsection (b) states that where there is more than one violation, or the violation includes more than one offense, the grade of violation is determined by the violation having the most serious grade.

Section 7B1.1(a) notes that a Grade A violation constitutes conduct which is punishable by a term of imprisonment exceeding one year that (i) is a crime of violence, (ii) is a controlled substance offense, or (iii) involves possession of a firearm or destructive device; or any other offense punishable by a term of imprisonment exceeding twenty years.  Grade B violations are conduct constituting any other offense punishable by a term of imprisonment exceeding one year.  Grade C violations are conduct constituting an offense punishable by a term of imprisonment of one year or less; or a violation of any other condition of supervision.

Section 7B1.3(a)(1) states that upon a finding of a Grade A or B violation, the Court shall revoke supervision.  Subsection (a)(2) provides that upon a finding of a Grade C violation, the court may revoke, extend, or modify the conditions of supervision.  Defendant committed a Grade A violation.  Therefore, the Court shall revoke supervision.

Section 7B1.3(c)(1) provides that where the minimum term of imprisonment determined under § 7B1.4 is at least one month, but not more than six months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in § 5C1.1(e) for any portion of the minimum term.  Should the Court find that Defendant has committed a Grade B or C violation, § 7B1.3(c)(2) states that where the minimum term of imprisonment determined under § 7B1.4 is more than six months but not more than ten months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in §5C1.1(e), provided that at least one-half of the minimum term is satisfied by imprisonment.  Neither of these provisions apply to this matter.

Section 7B1.3(d) states that any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation shall be ordered to be paid or served in addition to the sanction determined under § 7B1.4 (Term of Imprisonment), and any such unserved period of confinement or detention may be converted to an equivalent period of imprisonment.  There is no outstanding restitution, fine, community confinement, home detention or intermittent confinement.

Section 7B1.4(a) of the USSG provides that the criminal history category is the category applicable at the time Defendant originally was sentenced.  Defendant had a Criminal History Category of VI at the time of sentencing.

Should the Court revoke supervised release, the Revocation Table provided for in § 7B1.4(a) provides the applicable imprisonment range.  Defendant committed a Grade A violation and has a Criminal History Category of IV.  Therefore, the applicable guideline range of imprisonment for this violation is twenty-four to thirty months.

Section 7B1.5(b) of the USSG provides that, upon revocation of supervised release, no credit shall be given toward any term of imprisonment ordered, for time previously served on post-release supervision.

**Analysis and Recommendation**

Defendant commenced a five-year term of supervised release on December 12, 2013.  Although this is Defendant's first formal violation case, he has had some prior compliance issues and was placed on a curfew with GPS monitoring in late 2016.  Defendant has been a mixed bag on supervision.  He has consistently worked and was playing semi-pro football in recent years.  He

has been involved with his children. He has also refused to completely let go of his prior criminal lifestyle.

On August 25, 2018, Defendant committed an impulsive and inexplicable act of violence during a melee at the tail end of one of his football games. The best way to understand what happened is to watch the video recordings of the event which are in the possession of Probation and the parties, and I encourage you to do so. Defendant is seen hitting an opposing player in the head with a handgun in his hand. The blow caused the firearm to "accidently" discharge on a crowded field adjacent to residences. Only by happenstance, nobody was struck by the bullet. The gunshot resulted in panic among those present to leave to avoid injury and/or the police.

Defendant is facing felony state charges in Massachusetts. The parties resolved this violation case by agreement. Their recommended sentence of twelve months with no further supervised release is not unreasonable and is adopted. Although a more severe sentence could be justified, Defendant accepted responsibility for this violation and relieved the Government of the burden of preparing and presenting a case which would require multiple witnesses. Also, Defendant faces additional potential punishment in Massachusetts.

**Conclusion**

After considering the various factors set forth in 18 U.S.C. § 3553(a), I recommend that Defendant be committed to the Bureau of Prisons for a term of twelve months with no supervised release to follow.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of Court within fourteen days of its receipt. LR Cr 57.2; Fed. R. Crim. P. 59. Failure to file specific objections in a timely manner constitutes a waiver of the right to review by the District Court and the right to appeal the District Court's Decision. United States v. Valencia-

Copete, 792 F.2d 4 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980).


  /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
December 17, 2018